IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREGORY E. BROWN            * | |
|     Petitioner, | |
| v.                          * | CIVIL ACTION NO. RWT-06-815 |
| WARDEN                      * | |
|     Respondent. | |
|                           *** | |

**MEMORANDUM OPINION**

      Petitioner, a detainee at the Baltimore City Detention Center, filed a letter petition on March 28, 2006, complaining that prosecutors refuse to dismiss criminal charges and have offered him a lengthy suspended sentence as part of a plea in spite of exculpatory and false information provided at the time of his arrest and at a pre-trial hearing in November, 2005. (Paper No. 1). He further alleges that the State is trying to force him into a drug court program even though he has "done nothing wrong to be here in jail...." (Id.). Petitioner claims if "things don't go right with the drug court," he will have to wait until June, 2006, before going to go court. (Id.). He seeks federal court assistance with the problems he alleges he is experiencing. (Id.). Inasmuch as Petitioner is attacking the legality of pending state criminal charges, his petition shall be treated as one filed pursuant to 28 U.S.C. § 2241.

      A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted. See Huffman v. Pursue, Ltd., 420 U.S. 592, 609-610 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. See Braden v. 30th Judicial Circuit, 410 U.S. 484, 489 (1973); Dolack v. Allenbrand, 548 F.2d 891, 893 (10th Cir. 1977).

Such extraordinary circumstances include: bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal. See Younger v. Harris, 401 U.S. 37 (1971); Moore v. Sims, 442 U.S. 415 (1979).

Petitioner has not exhausted his state court remedies. Further, to the extent that he has raised viable claims under the United States Constitution, Petitioner's allegations do not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition. See, e.g., Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir. 1987). The merits of the Petition shall not be considered by this Court.

Accordingly, a separate Order shall be entered dismissing this action without prejudice.

Date: 4/4/06                                         /s/
                                         ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE